# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JAYTON STINSON *et al.*,

   Third-Party Plaintiff,

v.                                             Case No. 2:23-mc-00012-MSN-cgc
                                               JURY DEMAND

WAYNE HADDIX D/B/A 385 VENTURES, INC.,

   Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## ON MOTION FOR DISQUALIFICATION AND
## DISMISSING MATTER FOR LACK OF SUBJECT MATTER JURISDICTION

      Before the Court is the Report and Recommendation on Motion for Disqualification (ECF No. 8, "Report") entered January 10, 2024. The Report recommends that this matter be dismissed for lack of subject matter jurisdiction. On January 16, 2024, Mark Stinson ("Stinson"), the Third-Party Plaintiff who filed the motion for disqualification (ECF No. 1), filed a Motion to Dismiss (ECF No. 9) requesting a voluntary dismissal of this matter without delay. (*See id.*)

### STANDARD OF REVIEW

      Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the

evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

The Report was entered on January 10, 2024, and warned that objections must be filed within 14 days. To date, no objections have been filed and the time for doing so has expired. In addition, Stinson's Motion to Dismiss seeks voluntary dismissal of this matter. The Court reviewed

the Report for clear error and found none.  Therefore, the Report and Recommendation on Motion for Disqualification (ECF No. 8) is **ADOPTED**, and this matter is **DISMISSED** for lack of subject matter jurisdiction.  All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 30th day of January, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE